We have argument, as you can see, on video for the first case. Good morning, councils. Good morning, Your Honor. Good morning, Your Honor. So I will turn to the calendar, which is Kareem Fareed Mohammed versus Whitaker. Whitaker having been substituted for Sessions. Good morning, council. You may proceed. Good morning, Your Honors. May it please the court, my name is Luis Cortez. I'm here for the petitioner, Mr. Mohammed. I will be reserving two minutes for rebuttal. Yes. Your Honors, here I think the issues come down to two principle factors. First is the agency's decision really lacks a sufficient amount of analysis in order for this court to meaningfully review its decision. One of the principle issues here in this case is whether the applicant or the petitioner, Mr. Mohammed, is eligible to apply for a 212H waiver. In the Board of Immigration Appeals' decision, it says the same sentence in so many ways. It says that it agrees with the immigration judge, that the petitioner is not eligible for the 212H waiver, but it doesn't cite to why until the very end of the paragraph where it cites to matter of Rivas. Where it says that a standalone 212H waiver cannot be applied, which we are not suggesting here. What we're suggesting is that the form I-751 is akin to someone asking for a readmission into the United States. They didn't cite any law, and the previous BIA decision was a one judge, wasn't presidential, is that correct? Correct, Your Honor, correct. And so, and we think it's important for this court to remand, because whether something is considered an admission or not, candidly, it's somewhat of an ambiguous term. And so that the BIA should have the first chance to interpret whether an I-751 is considered an admission. Something that they didn't really address or really cite to. And so, for those reasons, we think that the remand is appropriate, just so that they have a more thorough analysis for the- Don't the I-71 and the application for all and provide different answers? I ask that because I'm wondering whether there's what the plausible basis would be for seeing them as equivalent. Yes, Your Honor, and I really appreciate that question. Here, what we have going on here, both in the adjustment of status case, when you file an I-485, which is kind of a normal adjustment of status, and an I-751 before the immigration court, is that you have someone with no immigration status, it's undisputed that our petitioner has no immigration status because it was terminated when it was with the court, and he's asking the court for legal permanent residence on both situations. Well, but his I-71, I-751 application was when he did have status and he was looking to remove the conditions of residency. Right. And I'm trying to figure out how that equates to an application for adjustment of status. So this is where we look at the particulars of when the I-751 is filed and what procedure posture when. So let's say there's a conditional legal permanent resident and he files the I-751 with US Citizenship and Immigration Services to remove these conditions. At that point, he's still a legal permanent resident and he's asking for those conditions to be removed. And he did that, didn't he? They denied the I-751. He filed the application. He did, and so at that point he would not be in a position for because he's still a legal permanent resident and he's asking for those conditions to be removed. Once USCIS terminates, then he has no status. And he's in a different position at that point because he's asking the immigration court to regain his status, to give him legal permanent residency because it was taken away. And so it would be different if his legal permanent resident status would continue throughout the process of the removal proceedings. But the statute makes it clear that the status terminates upon being referred to the immigration court. So when someone's in the immigration court filing the I-751, it's not that they're continuing to be a legal permanent resident. It's that they don't have status and they're asking the court to regain that status. I must not be making myself clear. As I understand the I-751 inquiry, it's the petitioner and to have the conditions on the stay in the United States lifted. And their burden is to adduce evidence establishing that the marriage was not entered into for purposes of evading US immigration laws, correct? That's correct. That's not enough to secure a 212H waiver. That application for adjustment of status requires quite a different showing, doesn't it? When you're filing a regular adjustment of status application? Correct. In both scenarios, you have to show that the marriage was entered in good faith. And so- No, no, an application for adjustment of status is an application that urges that the presumption that you'd not be allowed to stay in the United States because you have a conviction be waived. So that's a quite different, I mean, showing that you didn't enter into the marriage for deceptive purposes or fraudulent purposes doesn't speak at all to whether or not the conviction should not trigger a presumption of non-admissibility. Sorry, I don't think I'm understanding the question. Well, your client, it seems to me, had two problems. One, he had conditions placed on his stay in the United States because of the marriage situation. He had to clear those to be able to remain without conditions. But then he had a conviction. Correct. And the conviction made him ineligible. And he had to make a different showing to get a 212H waiver. And you're saying that he didn't have to file the application for adjustment of status because he had filed an application to be relieved of conditions placed on him by virtue of the marriage. They seem to me to be two separate problems that your client had. And I'm not sure how solving the one equates to solving the other. What it really seems you're arguing to us is that the somehow in equity or whatever, the I-75-1 should be, should excuse him from filing the application for adjustment of status. That it's almost like the agency will consider everything together. No, that's- They're not equivalent that I can understand. That's what I'm trying to ask you. I understand, Your Honor. And it's not an apples to apples comparison, and we agree with that. But what we're looking at here within the law is when is someone eligible to fire a 212? And I guess the case that better supports our position is Abbasi, which we, the matter of Abbasi, the BIA decision. Where in that case, someone who is returning to the United States also does not need to file an I-485 adjustment of status application. They can do an I-212, or excuse me, a 212 waiver without filing an adjustment of status application. Legally, they're considered outside the United States because they are returning. But I think it follows the proposition that when someone is looking to become a legal permanent residence and stay in the United States, which is what is happening here, this person has no status. And they're asking the court to give them legal permanent residence. And so it's not an apples to apples comparison, but it does provide that they are seeking a type of admission into the United States. They're seeking legal permanent residence. And I think that really underscores why this court should remand to the BIA, because those are the types of considerations that we ask the Board of Immigration Appeals to define and consider. It's something that they didn't do, and candidly, we think that they should try to define what an admission would be. They didn't do it because they rejected the application, correct? No, Your Honor. They said that the I-751, when someone doesn't have status and is looking to obtain status, they just said that it wasn't an adjustment, but they didn't really explain why or back it up with case law or any citation. And so-  I may be echoing my colleague's question, but that's what's puzzling me about your position. Yeah, it's akin to an adjustment status, Your Honor, because in both situations, you have an applicant who has no legal status, and they're looking to obtain legal permanent residency. And so, it's in that situation where they're both in a similar position. It would be different if their legal permanent residence would continue throughout the removal proceedings, then it would seem more of a standalone. But in both situations, you're asking the court for legal permanent residence. Let me ask you how you deal with the Attorney General's regulation, section 1245.1F, which states the sole method of requesting the exercise of discretion under 1182H, as it relates to the admissibility of an alien in the United States, is an application for adjustment of status. Yes, Your Honor. I think where this court and the Board of Immigration Appeals left the door open for our argument is both in matter of Abbasi, where there was no application for adjustment of status made, provided that they're in a different procedural posture because they're considered arriving aliens because the person was returning. And this court also acknowledged that in the, I'm looking for the case name here, in C Persaud, which is a, it's articulation, this court's articulation of Abbasi, which also didn't require an actual application by the same token because someone was reentering in the United States. Trying to conflate the status of an arriving alien and one that's already here? No, Your Honor. But what we are saying is that when an I-485, which is the normal application for adjustment of status, does not always have to be submitted when we're looking at a 212 waiver. What we're looking at is whether someone is trying to gain legal permanent residency. Is that the exact language of the Attorney General's regulation that it does have to be filed? The sole method of requesting the exercise of discretion is the application for adjustment of status? What the regulation does not say is that it doesn't say that it has to be an I-485. Someone needs to be trying to get status. It could have said it needs to file an I-485. The form I-485 has been around for decades, and it could have specified with that form. It didn't. It said someone needs to get an adjustment of status. So the question here is, is whether an I-751 is akin or whether the definition of adjustment of status for purposes of 212, whether filing an I-751 fits within that. Something that I think what the board should try to define first. You're saying that the board heard is a matter of law, right? Correct. Okay, and I'm having trouble understanding how we say it heard as a matter of law. When in matter of Revis, it said an alien in the country in removal proceedings, which is what your client was, must file a concurrent adjustment application in order to seek a waiver of the grounds of removal. And then in CPRSAD, we say this is not just a matter of paperwork. By applying for adjustment of status, the alien is assimilated to the position of an applicant for admission. Yes, Your Honor, and I see- So in light of that case law, what precedent do you have that suggests that the agency made an error of law here? I appreciate the question. I'm over time and I acknowledge that and I will answer the court's question. Your Honor, matter of Revis actually helps us here because in that case it was a legal permanent resident who has maintained their status. And then they tried to file a 212 waiver in the court. And we think that the board correctly concluded that it couldn't do that. It would be a different position if in matter of Revis, that someone didn't have status, which is the application here. So it earned in the matter of law by saying that our case is similar to matter of Revis because our client is not a legal permanent resident. It's asking the court by virtue of a petition to gain legal permanent residence. And it's also asking the court to waive it in its admissibility under the 212 waiver, something that didn't happen with Revis. And so, in that way, it earned as a matter of law completely relying our client in Revis, saying it's applying as a standalone. And with that, Your Honor, we request that the court remand. Thank you. You were reserved two minutes for rebuttal. I went over my time, Your Honor, so if I can have maybe 30 seconds, that would be great. Thank you. We'll hear from the government. Counsel? Good morning, Your Honors. David Whatmore for the Attorney General. I'd like to begin by thanking the court for allowing me to appear via VTC. It's, in these trying shutdown times, it's a great relief not to have to incur debt to travel up there. So hopefully this will remain effective. We're grateful for you making the extra effort to appear by video. Thank you. Thank you, Your Honor. So I'd like to begin by clarifying the statutory and regulatory framework. What's really going on in this case? So this process where a spouse petitions for an alien spouse to adjust status. First, the lawful permanent resident or U.S. citizen spouse would file an I-130, which is a petition for the alien spouse to adjust their status to lawful permanent resident. The alien then would file an I-485 application for adjustment of status, which requires USCIS to determine whether that alien is in fact admissible to the United States. That's a key distinction here because that admissibility determination is a snapshot in time. It is that alien admissible when that application is filed and adjudicated by USCIS. When we look at the timeline here, that application was filed in 2012 and adjudicated by USCIS in 2013. At that time, the alien in this case had no criminal convictions. The alien was admissible. Therefore, there was nothing to waive. The alien subsequently divorced, but that's not a bar to the alien ultimately being able to adjust to a full lawful permanent resident and lift the conditions on his LPR status by filing the I-751. Now, what is the I-751? It's a simple determination. Judge Rady, you absolutely hit it on the head. It does one thing. It determines, is this marriage? Was it bona fide? Was it entered into in good faith not for purposes of evasion or to simply obtain immigration status? And that's it. It's not a redetermination of admissibility. That determination has been made, and if the alien believes that he or she is inadmissible, it's at that time when that initial admissibility determination is made that the alien would file the 212H waiver of inadmissibility. I understand your adversary to be suggesting, though, is once you file one application to clarify your legal status in the country, which is how they characterize the I-751 or I-751, that that's enough to allow the immigration authorities to do whatever review they need, adjustment of status or otherwise, to see whether he's in the country, that any application triggers any inquiry that's necessary to the alien remaining. What's your response to that? Your Honor, I point to INA 216 subpart D1A, and this is the test for determining whether USCIS should grant the I-751. Says, was the marriage legally valid? Was the marriage terminated? And was the marriage entered into to procure the alien's admission as an immigrant? That's the test for the 751. And then secondly, if under subpart C3C, that's 216C3C, it says if DHS determines that such facts and information are not true, the DHS shall notify the parties and subject to paragraph D, shall terminate the permanent resident status of the alien spouse. Now subpart D is what's at issue here. And subpart D says hearing and removal proceedings. This is 216C3D. So as any alien whose permanent resident status is terminated under subparagraph C, may request a review. And it's simply a review of the facts that that's showing under 216D1A of whether the marriage was in fact bona fide. And the Secretary of DHS here at USCIS would bear the burden of demonstrating to the immigration judge that the marriage was in fact not bona fide by a preponderance of the evidence. If the immigration judge at that point finds that in fact DHS did not carry its burden, the immigration judge would lift the conditions. And the alien's status would become a non-conditional, a full lawful permanent as of the date of USCIS's original decision. So unlike how my esteemed counsel from my opposition, they try to call this a renewal before the immigration judge. It's not a renewal. It's a review. The statute makes that abundantly clear. And the review is simply whether that marriage was bona fide. Once a decision is made that the marriage was not bona fide, the applicant then has no status as counsel claimed. Isn't that correct? Yes, the alien would be out of status. Typically between once that determination is made by USCIS and before the IJ makes the final review of that determination, USCIS will issue what's called an I-551. And that's a stamp that goes into the alien's passport that allows them to continue to work, to continue to travel, essentially have all the same benefits of a lawful permanent resident during that review period. Once the review period terminates, then the IJ finds that DHS carried its burden to show that the alien did not have a bona fide marriage. And what happens to the applicant when they finally terminate, when they finally find the marriage was entered into deceptively and deny a change of status on the original application? What is the status then of the applicant? He has no status, right? Yeah, if it's found, like any other finding of fraud, that the status is terminated at that point. Right, so he has no status. So the alien at that point would be out of status and subject to removability. Here, the alien's removable. And the argument that counsel is making, as I understand it, is that he's in the same position as an alien returning. He has no status. He's asking for the 212 waiver as someone returning to the country would also ask. Yeah, and as we then look to in 212-H, as Judge Reggie pointed out, the regulation that's at issue here is 1245-I. Now, if we look to 212-H in the statute, it lays out three areas in which an alien can actually file a 212-H. This is in 212-H-2. One, requesting a visa. You can file that application to waive inadmissibilities to allow you to obtain the visa. Two, is admission to the United States. You appear at a port of entry and you seek to waive a grant of inadmissibility or you apply for adjustment of status. Here, the petitioner is not arguing, is conceded that they are not applying for adjustment of status at all here. And the statutory language is very clear, and you just gave it to us, but the alien has to be applying or reapplying for a visa for admission to the United States or for adjustment of status. And he is not arguing that he is in the position of adjusting status. He's saying this is akin to adjustment of status. So he's asking us to put language into the statute that's not there. Is that correct or am I missing something? Yeah, I think he's trying to create a legal loophole in the statute that simply doesn't exist. This court in its published decision in Super said,  the key here is going back to that snapshot in time of determining whether the alien is admissible. And only in those three areas would the government determine if the alien is admissible at that time. There's no means by which this alien can file any of those three forms of determining his admissibility in order to then ask for a waiver of a finding that he is inadmissible under any of those grounds. So, I mean, here the application is the sole method, and this is right in the regulations that this court in Saper said found to be a reasonable regulation. It's at subpart F, says the sole method of requesting the exercise of discretion under 212H of the INA, and this is for an alien who's physically present in the United States, is the filing of the motion that's articulated in 212H, which is an adjustment of status. He has no means by which he can file a new motion. He has no qualifying relatives. There's no relief whatsoever once they find that the marriage was not legitimate.  Is that what you're saying? He has no status and no ability to get any kind of change or alteration of status? Yeah, sure, he could. I mean, he could take advantage of, and this is discussed in Saper's end, talking about why the regulations are a rational exercise. He could leave the country and apply for a visa, and with that visa, simultaneously the concurrent submission of a 212H waiver and reenter the country, which would then give him that same status. He would be lawfully admitted to the country. Alternatively, he could leave and apply at a port of entry, the second means by which he could attempt to file a 212H. He just can't avail himself of a motion to adjust or an application to adjust his status because he has no basis to file that motion. So his remedy is either of the two other options, but here, 212H specifically contemplates that aliens, like the petitioner, are barred because they're aggravated felons. He's trying to get around that. If we look to the last paragraph in 212H, it says, no waiver shall be provided under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence. If either, since the date of such admission, the alien has been convicted of an aggravated felony. Here, he's conceded he's been convicted of multiple aggravated felonies, both burglary theft defenses, as well as crimes of moral turpitude, as well as crimes of violence. He's trying to simply skate on the clear aggravated felony bar in 212H by trying to read, out of whole cloth, a means to file a new application for admission where there is none. He's simply entitled to a review of whether USCIS properly found that his marriage was bona fide. In other words, did they deny his I-751 and did they carry their legal burden to deny that and find that he should no longer be a conditional permanent resident? That's it. There is no admission determination made, whatever, at that point in time. The statute's clear. That's the limited review that he's entitled to. It is not a renewal of his entire application. It's not a new admission determination. If he wants that new determination under the reg at 1245.1, he needs to concurrently file an application for adjustment of status, which he is lawfully unable to do. Thank you, counsel. Thank you, your honors. Mr. Cortez, you said you wanted 30 seconds in response. I'll give you 30 seconds. I will make, thank you for the extra time. I will take two very quick points. What we're looking here the court to do is to define adjustment of status. It is a term of art. The INA could have said you need to file an I-485 and made the exclusive means for a 212 waiver an I-485, which is what the respondent is asking the court here to read into. We're saying that an adjustment of status is when someone has no status and they're looking to gain legal permanent residency. And so we're not reading into adding language to a statute. We're defining this term of art. The second point, just to quickly rebut the respondent's assertion, he made the point that if the I-751 is granted, it would be retroactive as to the time that the original legal permanent resident, conditional legal permanent resident application was granted. That is true, but retroactivity of a grant of legal permanent residency does not make it so that someone's not seeking admission at the time that they apply for it. And I'll give an example. Under the asylee context, when someone is granted asylum, after one year of being granted asylum, they can file for legal permanent residence. And so they would be seeking admission. But the grant of the legal permanent resident is retroactive for one year. So just because it's retroactive doesn't mean they're not seeking an admission at the time that they're asking the court or they're asking any government agency for legal status, which is what our- May I ask, form I-455 is specifically entitled application of adjustment of immigration status, correct? It's, yes. I don't have it in front of me, but I think from my notes, that's what it's entitled. Yeah, it has- of adjustment of status. Its text talks about removal of conditions of residency, right? Correct, correct. So what would be the basis for concluding that adjustment of status could be sought under something that's entitled removal of conditions of release? Well, I guess if we're looking within the whole scheme of the INA, there are other parts of the INA where someone can adjust status, even though, for example, the form EOIR-42B, it's a cancellation of removal form, but it also adjusts your status. It puts you in a position of legal permanent residency without filing the I-485. And so there are other forms that grant you a legal permanent residence that is known within the immigration practitioners as adjusting your status of gaining legal permanent residency where you don't have it. And it's not only the I-485. The INA does list out specific forms when it needs to. It says you need to file this form or you need to do this, and Congress could have done that. They didn't do that. They said when you're looking to get status, adjusting your status. And adjusting your status simply means getting legal permanent residency inside the United States. That's what it's defined to mean. Otherwise, you're doing a consular processing abroad. But when you're getting legal permanent residence in the US, that's adjustment of status. And so by which form you file, the EOIR-42B, the I-485, or in this case, someone who doesn't have status and we're looking at I-751, we're looking at the same thing. No status to legal permanent residence. Now, under the respondent's viewpoint, what he's saying is that no court or no agency would be able to review the inadmissibility of an applicant who has no legal status trying to gain legal permanent residency. Nowhere on the statute does it limit any agency to do that. It sets parameters as to what the test is to try to get over the I-751. But it doesn't say you are limited to do that. And INA-245, Immigration and Nationality Act Section 245, that's one of the adjustment of status schemes. And there's a lot of subsections in there that says this part won't apply. You can't review this inadmissibility under this section. And so if the Congress wanted for a complete blanket for the adjudicating body to not look up other inadmissibilities, it would have done so just the way it did in the other parts of the INA. It didn't do that. It gave some guidance as to what the I-751 is about, whether there was a bona fide marriage. And I do want to add that that's not the only exception to filing an I-751 when someone's been divorced. If someone's been divorced and they file an I-751, you can also show that there would be extreme hardship to the applicant. If the applicant is removed, you can show that there's going to be grounds of persecution. And so there are other tests that go in there. And it doesn't say, but don't look at any other inadmissibilities. Our view would be that if you're filing an I-751 within USCIS, you still have legal status. You're not asking for more legal status. You're asking for a review. But once you're in immigration court, you're asking for the government agency to review your case to get you legal permanent residency. It does so in the I-485. It does so in the form EOIR-42B. Those are all different forms to try to get legal status in the United States when you don't have it, which is the definition of adjustment of status. This is where we'll have to stop. Thank you. Thank you. Thank you. Thank you. Thank you both. Thank you. A very good argument.